85 F.3d 638
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gilbert BOJORQUEZ, Defendant-Appellant.
 No. 95-56593.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1996.*
Decided May 6, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Gilbert Bojorquez appeals the denial of his 28 U.S.C. § 2255 motion challenging his conviction for conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Bojorquez contends that the district court erred by denying his claim that his criminal conviction was barred by double jeopardy. We have jurisdiction under 28 U.S.C. §§ 1291, 2255. We review de novo the district court's denial of a section 2255 motion. See Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). We affirm.
 
 
 3
 To assert double jeopardy, Bojorquez must first establish that original jeopardy attached in the prior administrative proceeding. United States v. Castro, 78 F.3d 453, 455 (9th Cir.1996). Jeopardy does not attach to the administrative forfeiture of unclaimed property. United States v. Cretacci, 62 F.3d 307, 310-11 (9th Cir.1995), pet. for cert filed, (U.S. Feb. 13, 1996) (No. 95-7955). The failure to comply with the statutory and regulatory requirements for contesting a forfeiture renders the property abandoned and the forfeiture uncontested. Castro, 78 F.3d at 456.
 
 
 4
 Here, on December 8, 1992, the Drug Enforcement Agency (DEA) seized two vehicles belonging to Bojorquez pursuant to 21 U.S.C. § 881. The DEA sent Bojorquez a "Notice of Seizure" regarding each vehicle. The Notices informed Bojorquez that he may contest the seizure of the vehicle or request remission or mitigation of the forfeiture by the DEA and outlined the procedure for so doing. To contest the forfeiture, Bojorquez needed to file a claim of ownership and a cost bond no later than February 16, 1993 for the Toyota 4-Runner and March 2, 1993 for the Ford Bronco (twenty days from January 27, 1993 and February 10, 1993, respectively, the first days of publication in the newspaper, USA Today ).[1] On March 8, 1993, Bojorquez filed an untimely claim of ownership and cost bond for each vehicle.[2]
 
 
 5
 Because Bojorquez failed timely to contest the forfeitures, original jeopardy did not attach. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The first date of publication of the notice of seizure of the Toyota 4-Runner was January 27, 1993. The first date of publication of the notice of seizure of the Ford Bronco was February 10, 1993
 
 
 [2]
 Bojorquez concedes that the claims of ownership were filed outside the statutory period. Appellant's Opening Brief at page 4, note 2